(51 Misc. 669)

## FRIED v. WELLS FARGO & CO.

(Supreme Court, Appellate Term.   November 14, 1906.)

CARRIERS OF GOODS—LIMITATION OF LIABILITY—NOTICE OF CONTENTS—EVIDENCE—SUFFICIENCY.

In an action against an express company, it appeared that at the time of the shipment a receipt limiting the carrier's liability to fraud and gross negligence was delivered to the shipper.   Plaintiff testified that he did not read the receipt at the time of shipment, but upon cross-examination stated that the receipt came out of his own book of receipts, in his possession at the time of the shipment.   *Held* insufficient to support a finding that the shipper did not have notice of the limitation of liability contained in the receipt.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Solomon Fried against Wells Fargo & Co.   From a judgment in favor of plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Alexander & Green, for appellant.

Henry Hoelljes, for respondent.

PER CURIAM.   It appears that at the time of the shipment of the goods a receipt containing a limitation of defendant's liability to fraud and gross negligence was delivered to the shipper, and that the receipt came out of a book of receipts in the shipper's possession at the time the goods were delivered for shipment.   It seems to be the law that, if the shipper knew the terms of the receipt, the limitation of liability would bind him.   Springer v. Westcott, 166 N. Y. 117–123, 59 N. E. 693; Rosenthal v. Weir, 170 N. Y. 148, 153, 63 N. E. 65, 57 L. R. A. 527.   The plaintiff, being examined in his own behalf by his counsel, was

asked, "Did you read the receipt at that time [time of shipment] ?" and he answered, "No." Upon cross-examination he testified that the receipt was from his own book; that it came out of a book of receipts in his possession at the time the shipment was delivered. Upon this evidence the court should not have found, as it must have found to have rendered the judgment, that the shipper did not have notice of the limitation of liability referred to in the receipt. To overcome the reasonable inference that he knew the form of the receipts in his book, it was not sufficient to show that he had not read the receipt at the time of shipment.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.

